[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION FOR REINSTATEMENT
This case comes to this court pursuant to Practice Book § 2-53. The respondent makes the application pursuant to that section. The court, when the respondent was initially suspended on August 2, 2000, required readmission pursuant to Practice Book § 2-53. Thereafter, the respondent appeared before the court on July 19, 2002 and the suspension began. The court reincorporated its requirement that the respondent shall apply for readmission pursuant to the provisions of Practice Book §2-53 among other requirements.
The court finds that the respondent has failed to comply with Practice Book § 2-53. Accordingly, the motion for reinstatement is denied. Section 2-53 among other things, provides for reference to the Standing Committee On Recommendations For Admission to the Bar that has jurisdiction over the judicial district court location for the Stamford/Norwalk Judicial district. If that has not been done, it is ordered by the court that the clerk's office give the appropriate notice. In addition, the Section requires that the notice be given to the State's Attorney, the Chair of the local Grievance Panel, the Statewide Grievance Committee, the attorney appointed under § 2-64, Attorney Michael L. Goldman, and publication in the Connecticut Law Journal. All of those requirements are ordered to be complied with by the clerk's office.
After such notice is given, the Standing Committee On Recommendations shall investigate the application, hold hearings pertaining thereto and render a report with its recommendation to the court.
The court shall thereupon inform the Chief Justice of the Supreme Court of the pending application and report, and the Chief Justice shall designate two other judges of the Superior Court to sit with the judge presiding at the session. Such three judges, or a majority of them shall determine whether the application shall be granted.
It is clear that this Section has not been complied with and accordingly, the Application for Reinstatement is premature.
KARAZIN, J. CT Page 2280
[EDITORS' NOTE: This page is blank.] CT Page 2281